# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Ronald A. Guzman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 99 C 4896 | **DATE** | 9/17/2001 |
| **CASE TITLE** | THE ESTATE OF GREGORY J. PALMA vs. P.O. JAMES EDWARDS, et al | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] ENTER MEMORANDUM OPINION AND ORDER: The Court denies the Defendants' motion for summary judgment [22-1]. The final pretrial conference is scheduled for 10/10/01 at 2:00 p.m.
(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | SEP 19 2001 | |
| | Notified counsel by telephone. | | date docketed | 35 |
| ✓ | Docketing to mail notices. | | | |
| | Mail AO 450 form. | | IS | |
| | Copy to judge/magistrate judge. | | docketing deputy initials | |
| CG | courtroom deputy's initials | 01 SEP 18 AM 9:33 | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

THE ESTATE OF GREGORY J. PALMA, )
And ALMA PALMA, Individually, )
                                    )
                 Plaintiff, )
                                    )
                                    )    99 C 4896
                    v.                       )    Judge Ronald A. Guzmán
                                    )
P.O. JAMES EDWARDS, Individually, )
and THE VILLAGE OF DOWNERS GROVE, )
                                    )
                 Defendants. )

DOCKETED SEP 19 2001

## MEMORANDUM OPINION AND ORDER

       The Plaintiff, Alma Palma, the mother of decedent, and special independent administrator of the Estate of Gregory J. Palma, has sued Officer James Edwards and the Village of Downers Grove. Count one, filed pursuant to 42 U.S.C. § 1983 ("Section 1983"), alleges that Officer Edwards violated the decedent's civil rights. Count two is a wrongful death claim filed pursuant to the Illinois Survival Act 755 ILCS 5/27-6 et seq. Count three alleges that the Village is liable for the violations by the officer under the doctrine of *respondeat superior*. Count four prays for monetary expenses for the burial of the decedent. Officer Edwards and the Village of Downers Grove have moved for summary judgment on all counts claiming the justified use of deadly force and qualified immunity. For the following reasons, we deny Defendants' motion.

## FACTS

       On April 21, 1999, Gregory Palma was shot by Officer James Edwards of the Downers Grove Police Department, resulting in his death. On the day in question, Mr. Palma was allegedly involved in a confrontation with a female who complained about his behavior to the Downers Grove Police Department. Palma was residing with his mother on the second

1



floor of the building and was recovering from a construction accident in which his pelvis had been crushed. He was receiving Social Security disability benefits on April 21, 1999. Responding to this complaint, two officers were dispatched to 928 Maple on the afternoon of the 21st, and unsuccessfully attempted to speak with Mr. Palma. At approximately 5:30 p.m. on April 21, 1999, Tricia Braasch, who resided in the first floor apartment at 928 Maple, saw Mr. Palma on her rear porch. Mr. Palma allegedly then broke into Ms. Braasch's apartment and used a chain saw to damage her property, at which point Ms. Braasch, who had previously called 911 to report the disturbance, fled from her apartment. Mr. Palma was allegedly witnessed carrying a sawed-off shotgun coming out the front door of 928 Maple.

Officers of the Downers Grove Police Department responded to the complaints and arrived at 928 Maple to find Mr. Palma in the building armed with the shotgun. A trained hostage negotiator was assigned to negotiate with Mr. Palma, who allegedly told the negotiator he had wired the home with propane tanks and threatened to explode them if police came near the home. The negotiator talked with Mr. Palma for thirty minutes, followed by a second negotiator who talked with him for another forty-five minutes, at which time Mr. Palma allegedly told the negotiator he had wired his body with explosives and was armed and prepared to shoot.

Officer Edwards arrived at the scene at approximately 6:00 p.m., where he positioned himself north of the building in a parking lot outside the perimeter maintained by the SWAT team. Officer Edwards was notified that Mr. Palma stated he could see Officer Edwards through the scope of his rifle. Shortly thereafter, Officer Edwards, who was armed with an AR-15 firearm which he had not been trained to use,[1] was notified that Mr. Palma intended to surrender and exit the building on the northwest side. Following this notification, Officer Edwards saw a person in dark clothing exit the rear of the house and move away from the home in a northerly direction. Officer Edwards realized that the person was not a member

---

[1] Officer Edwards had been trained on other service weapons.

of the SWAT team and that the person was allegedly in possession of a shotgun, which was aimed at Officer Edwards. It is disputed as to whether Mr. Palma was armed at this time and whether that firearm was aimed at Officer Edwards or any other officers at the scene. As Mr. Palma moved in front of the garage, Officer Edwards fired a shot, which struck and wounded Officer Graves who was located behind the corner of the garage. It is disputed as to the distance between Officer Edwards and Mr. Palma at the time of the shooting. Officer Edwards then fired three shots at the decedent. Mr. Palma allegedly continued running in a northerly direction at which time Officer Edwards fired two to three more shots. Mr. Palma died as a result of the gun shots in his back and left shoulder.

A DuPage County Sheriff's Deputy learned of the shots and arrived at the scene where he observed Mr. Palma's body with a sawed-off shotgun next to his outstretched left arm. Mr. Palma was right handed. The shotgun was loaded and ready to be fired. Mr. Palma's body was examined for explosives, but none were found. Officers searched the residence at 928 Maple and recovered a rifle, a hacksaw and the portion of the barrel, which had been sawed off of the shotgun. It was later determined that Mr. Palma did not in fact shoot his gun.

## DISCUSSION

Summary judgment is proper "if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). The moving party must demonstrate that there is no genuine issue of material fact. *Celotex Corp. v. Catre*, 477 U.S. 317, 324 (1986). The burden then shifts to the non-moving party to set forth specific facts to show that there is a genuine issue for trial. *Celotex*, 477 U.S. at 324. There is a genuine issue of material fact if after viewing the facts in a light most favorable to the non-moving party, a reasonable jury could find for the non-movant. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

3

Claims involving the use of excessive force are "analyzed under the Fourth Amendment's objective reasonableness standard." *Jones v. Webb*, 45 F.3d 178, 183 (7th Cir. 1995). The Plaintiff must show that the use of deadly force was unreasonable. *Tennessee v. Garner*, 471 U.S. 1, 12 (1985). In determining whether or not the force used was excessive, the court must consider "the facts and circumstances of each particular case, including the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight." *Graham v. Connor*, 490 U.S. 386, 396 (1989).

The defense of qualified immunity is "an entitlement not to stand trial or face the other burdens of litigation." *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985). When determining the availability of this defense, the court asks "whether the officer's actions are 'objectively reasonable' in light of the facts and circumstances confronting him, without regard to his underlying intent or motivation." *Graham*, 490 U.S. at 397. Immunity will attach if "a reasonable officer could have believed that his conduct was constitutional in light of the clearly established law and the information the officer possessed at the time the incident occurred." *Ellis v. Wynalda*, 999 F.2d 243, 246 (7th Cir. 1993) (quoting *McDonald v. Haskins*, 966 F.2d 292, 293 (7th Cir. 1992)).

The Defendants argue that Officer Edwards' use of deadly force was justified by self-defense and the Plaintiff fails to raise any issues of material fact for trial. The Defendants claim that the decedent had threatened two women, forcibly entered one's apartment causing damage with a chain saw, made threats to police officers including Officer Edwards, attempted to escape by running from the apartment armed with a sawed-off shotgun, and had fired a shotgun. However, these facts are disputed. The Plaintiff asserts that the decedent was not armed nor was he running towards Officer Edwards at the time of the shooting. Given that the Defendants base their justification for Officer Edwards' use of deadly force on the fact that he allegedly observed Mr. Palma running at him while pointing a shotgun

4

and/or firing, we find disputed issues of material fact which preclude our determination of whether or not Defendant was reasonable in believing deadly force was necessary. See *Graham*, 490 U.S. at 396. Mr. Palma's physical condition calls into doubt his ability to run. Further, at least two officers, including Officer Pilnik who was later identified as within eight feet of Palma, did not see Palma with a weapon. By this time Police Chief Graves had joined Edwards at the garage location. Graves was to the right of Edwards, slightly ahead of him when police approached. Edwards stated that what happened next was he saw a weapon pointed at him, saw the flash from the weapon and only then did he return fire with the AR-15, killing Palma. Edwards fell backwards as he fired the AR-15. Moreover, after the DuPage County Sheriff Office forensic unit inspected Palma's weapon, it was determined the weapon had never been fired. Additionally, the DuPage County Sheriff Office forensic unit tested an AR-15 and determined that 1) Palma's clothes were not a reflective source of the flash attributed to a weapon and 2) the AR-15, when fired at night, does not produce a pronounced flash attributable to a shotgun. All of these disputed facts are material to the issue of whether Officer Edwards was justified in using deadly force.

The Defendants finally argue that *Tennessee v. Garner* holds that an officer may use deadly force against a fleeing person where the officer has probable cause to believe that the suspect poses a threat of harm. See 471 U.S. 1, 11-12 (1985). However, the Seventh Circuit has held that "if there is room for a difference of opinion," probable cause is a question for the jury. *Ford v. Childer*, 855 F.2d 1271, 1275 (7th Cir. 1988) (quoting *Gramenos v. Jewell Cos., Inc.*, 797 F.2d 432, 438 (7th Cir. 1986)). When the material facts are not disputed, a court may find probable cause as a matter of law. *Maxwell v. City of Indianapolis*, 998 F.2d 431, 434 (7th Cir. 1993). However, in this case, given that several facts surrounding the shooting are in dispute, the issue of probable cause should go to the jury, thereby precluding summary judgment.

Defendants argue that the Plaintiff offers no support for her assertion that Mr. Palma was unarmed at the time of the shooting. However, the standard of review for summary judgment provides that the court must view the record and draw all reasonable inferences in a light most favorable to the non-moving party. *Anderson*, 477 U.S. at 248. Therefore if we take the Plaintiff's allegations as true, Mr. Palma was not running at Officer Edwards nor was he armed at the time of the shooting. The Court agrees that it was not necessary for Officer Edwards to wait for Mr. Palma to shoot at him before taking action, however it is not enough for Officer Edwards to believe he was in danger, if that belief was not "reasonable." See *Graham*, 490 U.S. at 396. Viewing the facts in a light most favorable to the Plaintiff, there is no "objectively reasonable basis to believe" that Mr. Palma posed a threat of death or great bodily harm to Officer Edwards. See *Fletcher v. Conway*, 1991 U.S. Dist. Lexis 783, at 12-16 (N.D. Ill. 1991).

This Court has held that summary judgment based on qualified immunity is not proper when the question of immunity turns on issues of disputed fact. *Mullart v. Doe*, 2000 WL 1307503, *3, No. 99 C 4955 (N.D. Ill. 2000). The Defendant argues that a recent Supreme Court ruling holding that even when there is a question of fact, summary judgment may still be granted on qualified immunity grounds if the officer's mistake as to the facts or law which caused the violation was reasonable. See *Saucier v. Katz*, 2001 WL 672265, 121 S. Ct. 2151 (2001). However, this case is distinguishable from the present case given that the respondent did not suffer any injury whereas in this case, Mr. Palma is deceased as a result of the shooting. See *Saucier*, 121 S. Ct. at 2154. It has been established that the extent of the injury inflicted is one of the factors considered in determining when the use of excessive force may give rise to a claim under Section 1983. See *Graham*, 490 U.S. at 390. Even without distinguishing *Saucier*, it has been illustrated that Officer Edwards' belief was not reasonable viewing the facts in a light most favorable to the Plaintiff.

Given that summary judgment is not proper on the qualified immunity claim, summary judgment is also inappropriate on the state court claim for wrongful death. See *Chlopek v. Jarmusz*, 877 F. Supp. 1189, 1197 (N.D. Ill. 1995). Additionally, summary judgment is denied against the Village of Downers Grove since it is still possible for a jury to find the Village liable under the doctrine of *respondeat superior*.

## CONCLUSION

For the foregoing reasons, the Court denies the Defendants' motion for Summary Judgment. (Docket No. [22]). The final pretrial conference is scheduled for October 10, 2001 at 2.00 p.m.

SO ORDERED 9/17/01    ENTERED:

HON. RONALD A. GUZMAN
United States Judge

7